RYDER, Judge.
Appellant, the wife below, compels strong arguments in her contentions that the trial court erred in its order modifying payments to be made by appellee, the husband, and directing appellant to seek full-time employment.
After reviewing the record, we find no abuse by the trial court in its modification. We were, however, disturbed by the language in the trial court’s order directing appellant to seek full-time employment as this appears very close to constituting an abuse of discretion. However, given the broad discretion permitted a trial court concerning these matters and considering the fact that the trial court ordered that appellant may apply for a review in six months, we construe the language utilized by the trial court directing appellant to seek full-time employment as establishing a mere suggestion. Otherwise, we are of the opinion that such a directive would be unlawful.
Basing our opinion upon the circumstances presented below, we believe that it would be economically beneficial for appellant to obtain gainful employment. Furthermore, we presume that the trial court contemplated the coincident opinion when it directed appellant to seek full-time employment. Thus, the language directing appellant to seek full-time employment is to be regarded as one theory suggesting an undertaking that appellant may consider in order to ameliorate a seemingly depressed financial situation.
Therefore, while the order of the trial court is AFFIRMED, appellant has no affirmative duty to seek full-time employment.
GRIMES, A.C.J., and DANAHY, J., concur.